OPINION
{¶ 1} Plaintiffs-appellants Jared Savage, et al. appeal the May 24, 2004 Entry entered by the Fairfield County Court of Common Pleas, which granted defendant-appellee Glens Falls' motion for summary judgment, and denied appellants' motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties stipulated to the following facts. On July 25, 2002, appellant Jared Savage was a front seat passenger in a motor vehicle driven by Mathew Seager and owned by Amy Seager. At the time of the accident, Mathew Seager was operating the vehicle northbound on St. Rt. 37 in Walnut Township, Fairfield County, Ohio. Seager slowed the vehicle as he approached a railroad crossing. At the same time, Joel Hostetler was operating a Ford pickup truck, also traveling northbound on St. Rt. 37. Hostetler failed to maintain assured clear distance and struck the rear of the Seager vehicle. The impact caused serious bodily injury to appellant Jared Savage and fatal injuries to the rear seat passengers, Kathy and Kimberly Seager.
 {¶ 3} At the time of the accident, Hostetler's vehicle was insured by Mennonite Motorist Aid, which provided liability limits in the amount of $12,500 per person, and $25,000 per accident. With the consent and approval of appellee Glens Falls, appellants settled their claim against Hostetler, for $12,500, thereby exhausting Hostetler's liability coverage.
 {¶ 4} The Seager vehicle was insured by Nationwide Mutual Fire Insurance Company ("Nationwide"), which provided single limit UM/UIM coverage in the amount of $300,000 per accident. With the consent and approval of Glens Falls, appellants settled their claim against Nationwide for $95,000. The claims of the next of kin of Kathy and Kimberly Seager exhausted the limits of the Nationwide policy.
 {¶ 5} Glens Falls insured appellants Lee and Deborah Savage under a personal auto policy, which provided underinsured motorist coverage in the amount of $100,000 per person, and $300,000 per accident. Appellant Jared Savage was a resident of his parents' household at the time of the accident. Appellants presented an underinsured motorist claim to Glens Falls, which denied coverage.
 {¶ 6} On May 23, 2003, appellants filed a Complaint in the Fairfield County Court of Common Pleas, seeking declaratory judgment, bad faith and money damages. Defendant Encompass Insurance Company filed an answer which identified Glens Falls as the proper defendant. Pursuant to an Agreed Entry filed December 19, 2003, Glens Falls was substituted for defendant John Doe insurance company, and Encompass Insurance was dismissed from the action. The parties filed Joint Stipulation of Fact on January 30, 2004. On the same day, both parties filed respective motions for summary judgment. On February 12, 2004, appellants filed their brief in opposition to Glens Falls' summary judgment motion. Glens Falls filed a Combined Memorandum Contra and Reply Brief in support of their [sic] Motion for Summary Judgment and Opposing [appellants'] Motion for Summary Judgment on or about February 17, 2004. Via Entry filed May 24, 2004, the trial court denied appellants' motion for summary judgment, and granted Glens Falls' motion for summary judgment.
 {¶ 7} It is from this judgment entry appellants' appeal, raising the following assignment of error:
 {¶ 8} "I. The trial court erred as a matter of law, to the prejudice of the plaintiffs-appellants, in granting defendants'-appellees' motion for summary judgment and denying plaintiffs'-appellants' motion for summary judgment."
 Standard of Review {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 10} Civ. R. 56(C) states, in pertinent part:
 {¶ 11} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 13} It is based upon this standard we review appellants' assignment of error.
 I {¶ 14} Herein, appellants contend the trial court erred in granting Glens Falls' motion for summary judgment, and denying their motion for summary judgment. In support of their position, appellants argue the Nationwide policy provides the "highest applicable limit" in the amount of $300,000. Additionally, appellants assert the trial court erred in finding Glens Falls was entitled to set-off not only the payment made by Mennonite Motorist Aid on behalf of the tortfeasor, but also the UIM benefits paid under the Nationwide policy. We shall address appellants' second assertion first.
 {¶ 15} Pursuant to R.C. 3937.18(C), "[t]he policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." Glens Falls asserts this provision clearly mandates its per person limit of $100,000 be set-off by the $12,500 paid by Mennonite. We find R.C. 3937.18(C) does, in fact, mandate an offset of the payment made by Mennonite.
 {¶ 16} Glens Falls further argues, pursuant to R.C. 3937.18(C) and its policy provisions, its per person limits of UIM coverage must also be reduced by the amounts available to appellants under other applicable underinsured motorist policies, to wit: the $95,000 paid by Nationwide. Glens Falls cites the following policy language in support of its argument:
 {¶ 17} "Limit of Liability
 {¶ 18} "1. The limit of liability shown in the Coverage Summary for each person for `Uninsured/Underinsured Motorists Coverage' is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one motor vehicle accident. `Bodily injury sustained by any one person' includes all injury and damage to others resulting from this bodily injury. * * *
 {¶ 19} "2. With respect to coverage for an underinsured motorvehicle, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under PersonalLiability-Motor Vehicle.
 {¶ 20} "Other Insurance
 {¶ 21} Where there is other applicable insurance, we will provide coverage as follows:
* * *
 {¶ 22} "b. During the first and subsequent years of this policy for those exposures shown effective in the Coverage Summary:
 {¶ 23} "(1) Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
 {¶ 24} "(2) Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis."
 {¶ 25} In Wright v. The Cincinnati Insurance Co., Montgomery App. No. 19802, 2003-Ohio-4201, the Second District Court of Appeals found R.C. 3937.18 does not require the limits of a UIM policy be "set-off by amounts available under any applicable underinsured motorist policies," explaining the statute requires set-off of amounts available to the insured under insurance policies covering persons liable to the insured" and "an insurance company is not covered by a policy, it issues a policy." Id. at para. 20. (Emphasis added).[1] We agree and find R.C. 3937.18 does not require Glens Falls' UIM policy be reduced by the available Nationwide amounts.
 {¶ 26} Although the statute does not mandate a setoff, the statute does not prohibit policy language from requiring such a setoff. We must now determine whether the Glens Falls' policy does so. Paragraph 2 of the Limit of Liability section requires, in the case of underinsured motorist coverage, the limits of the Glens Falls' policy be set-off by the amounts paid pursuant to the tortfeasor's liability policy. It does not provide for set-off of the amounts paid pursuant to other available underinsured motorist policies. Amounts paid pursuant to an underinsured motorist policy are by definition not paid "by or on behalf of anyone who was legally liable." Wright, supra. In analyzing the same argument with respect to virtually identical policy language, the Wright court found the phrase "by or on behalf of anyone who is legally liable" "clearly refers to persons legally liable for the accident," and concluded the policy language did not require set-off by amounts available under other underinsured motorist policies. Id. We agree, and find Glens Falls' policy does not provide for set-off of the $95,000 paid by Nationwide.[2]
 {¶ 27} Appellants' sole assignment of error is sustained.
 {¶ 28} The judgment of the Fairfield County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law. Costs assessed to appellee.
[1] At the time applicable in the Wright case, the H.B. 261 version of R.C. 3937.18 was in effect. We note, although the applicable version of R.C. 3937.18 as amended by S.B. 97 is applicable to the instant case, the relevant language is unchanged between the two versions.
[2] The trial court found Glens Falls' $100,000 per person policy limit was the "highest applicable limit." Although we disagree with this determination, and find Nationwide's $300,000 limit per single occurrence is the "highest applicable limit," such is inconsequential as we have determined the Nationwide payment is not to be set-off.